**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TONY CURTIS AINLEY, JR.                                                                                    PLAINTIFF
ADC #140402

V.                                          NO: 5:11CV00247 DPM/HDY

RAY HOBBS *et al*                                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the


> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Tony Curtis Ainley, Jr., filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 21, 2011. On February 13, 2012, Plaintiff was granted leave to amend his complaint, and is now proceeding on claims that Defendants Ray Hobbs and Charles Freyder have violated his right to practice his religion. On February 23, 2012, Defendant Ray Hobbs filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #23-#25). Plaintiff filed a response to Hobbs's motion on March 19, 2012 (docket entry #34). On March 22, 2012, Defendant Charles Freyder filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #37-#39). Plaintiff has not responded to that motion.

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Both Defendants claim that they are entitled to summary judgment due to, among other things, Plaintiff's failure to exhaust his administrative remedies with respect to his claims against them before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claims that Plaintiff failed to exhaust his administrative remedies, Defendants cite the affidavit of Tiffanye Compton, the ADC's inmate grievance supervisor (docket entries #25-2 & #39-2). According to Compton, Plaintiff initiated two grievances relating to the religious claims at issue in this lawsuit, but did not exhaust either grievance, and did not name either

Defendant in the grievances he filed.[1]  As Defendants each note, the relevant ADC policy (docket entries #25-1 & #39-1) requires an inmate to be specific as to the personnel involved, and also requires an inmate to appeal the grievance to the Chief Deputy/Deputy/Assistant Director, which Plaintiff failed to do.  Although Plaintiff did file a response to Hobbs's motion, he offered no evidence to demonstrate that he properly exhausted his administrative remedies before he filed this lawsuit.  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Because Plaintiff failed to properly exhaust his administrative remedies pursuant to ADC policy before he filed this lawsuit, Defendants are entitled to summary judgment, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  The motions for summary judgment filed by Defendants Ray Hobbs and Charles Freyder (docket entries #23 & #37) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   16   day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants acknowledge that Plaintiff referenced an unnamed chaplain in his appeal of the informal resolution in grievance VSM-11-3597, which Plaintiff attached to his amended complaint. Even if the reference to the chaplain is considered sufficient to comply with the prison policy's requirements to be specific as to the personnel involved, according to Compton, the grievance was still not fully exhausted, and therefore cannot be relied upon to demonstrate proper exhaustion.